```
 1  RAYMOND H. AVER - State Bar No. 109577
    LAW OFFICES OF RAYMOND H. AVER
 2  A Professional Corporation
    1950 Sawtelle Boulevard, Suite 120
 3  Los Angeles, California  90025
    Telephone: (310) 571-3511
 4  e-mail: ray@averlaw.com

 5  S. YOUNG LIM - State Bar No. 126679
    PARK & LIM
 6  3530 Wilshire Boulevard, Suite 1300
    Los Angeles, California  90010
 7  Telephone: (213) 386-5595
    Facsimile: (213) 384-7110
 8

 9  Bankruptcy Litigation Counsel for
    YOUNG W. KONG, Plaintiff
10

11              UNITED STATES BANKRUPTCY COURT
        CENTRAL DISTRICT OF CALIFORNIA [LOS ANGELES DIVISION]
12

13  In re:                        )  Case No. 2:11-bk-48629-BR
                                  )
14  YOUNG W. KONG,                )  In Proceedings Under
                                  )  Chapter 7
15                                )
                                  )
16            Debtor.             )  Adv. No.
                                  )
17                                )  DEBTOR'S COMPLAINT FOR:
                                  )
18  _____)  (1)  BREACH OF CONTRACT;
                                  )  (2)  BREACH OF COVENANT OF GOOD
19  YOUNG W. KONG, an             )       FAITH AND FAIR DEALING;
    individual,                   )  (3)  EQUITABLE ESTOPPEL;
20                                )  (4)  INTENTIONAL INTERFERENCE
                                  )       WITH CONTRACTUAL RELATIONS;
21            Plaintiff,          )       AND
                                  )  (5)  INJUNCTIVE RELIEF
22  v.                            )
                                  )
23  IL GUN LEE, an individual;    )
    ELISSA D. MILLER, Chapter 7   )
24  Trustee,                      )
                                  )
25            Defendants.         )
                                  )
26  _____)

27

28
```

Plaintiff Young W. Kong ("Plaintiff" or "Kong"), by and through his bankruptcy litigation counsel, Park & Lim and Law Offices of Raymond H. Aver, a Professional Corporation, complains and alleges as follow:

## STATEMENT OF JURISDICTION AND VENUE

1. The United States Bankruptcy Court for the Central District of California has jurisdiction of this adversary proceeding pursuant to 28 U.S.C. § 1334(b).

2. This adversary proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (B) and (O).

3. Venue of this adversary proceeding properly lies within the Central District pursuant to 28 U.S.C. section 1409(a) where the bankruptcy case of Plaintiff is pending.

## THE PARTIES

4. Plaintiff is, and at all times mentioned in this Complaint was, an individual residing in the County of Los Angeles, California. At all times, Plaintiff has been the holder of record of 333,333 shares of Lekos Dye & Finishing, Inc. ("Lekos") common stock, which equates to approximately 33.33% of the outstanding shares of Lekos ("Lekos Stock").

5. Plaintiff is informed and believes, and based thereon alleges, that defendant Il Gun Lee ("Defendant Lee") is, and at all times mentioned in this Complaint was, an individual residing in the County of Los Angeles, California. Defendant Lee is now, and at all times mentioned herein was, a duly elected member of the board of directors of Lekos, and the Chief Executive Officer and Secretary of

Lekos.

6. Plaintiff is informed and believes, and based thereon alleges, that defendant Elissa D. Miller ("Defendant Miller") is, and at all times mentioned in this Complaint was, the Chapter 7 Trustee of the bankruptcy estate of Young W. Kong ("Kong Bankruptcy Estate").

**GENERAL ALLEGATIONS**

7. Lekos owns and operates a dye house in Los Angeles, California. Since its incorporation in December of 2003, Plaintiff, Defendant Lee, and non-party Nakjoog Sung have been the sole shareholders of Lekos, and each own 333,333 of Lekos common stock.

8. On September 12, 2011 ("Petition Date"), Plaintiff caused to be filed a voluntary petition for relief under chapter 7 of Title 11 of the United States Code, with the United States Bankruptcy Court for the Central District of California [Los Angeles Division] ("Petition"), commencing *In re Young W. Kong*, Case No. 2:11-bk-48629-BR ("Kong Bankruptcy Case") and creating the Kong Bankruptcy Estate.

9. Defendant Miller was appointed as the Chapter 7 Trustee of the Kong Bankruptcy Case.

10. In amended schedules, Plaintiff listed his ownership of 100% of the stock in GGFB, LLC ("GGFB") as an asset of the Kong Bankruptcy Estate.

11. On September 13, 2013, Defendant Miller filed a "Complaint To Avoid And Recover Fraudulent Transfers And Conveyances" ("Fraudulent Transfer Complaint"), commencing an adversary proceeding ("Clara Adversary Proceeding") against Plaintiff's now-

deceased wife Clara Kong ("Clara"), seeking to avoid an allegedly fraudulent transfer of real property from Plaintiff to Clara.

12. Clara denied the allegations in the Fraudulent Transfer Complaint, contending that the real property at issue was purchased as her sole and separate property.

13. On December 20, 2013, Plaintiff filed a motion to abandon the Kong Bankruptcy Estate's interest in GGFB ("Motion to Abandon").

14. On January 1, 2014, Defendant Miller filed an opposition to the Motion to Abandon.

15. On February 14, 2014, Clara filed a motion for a temporary restraining order ("TRO Motion") in the Clara Adversary Proceeding.

16. On April 2, 2014, Defendant Miller filed an opposition to the Protective Order Motion.

17. Plaintiff and Clara, and Defendant Miller, entered into negotiations for a global settlement to resolve all of the issues relating to the bankruptcy estate, including but not limited to, the Complaint, the Motion to Abandon, and the TRO Motion.

18. On September 3, 2014, the Trustee caused to be filed a "Motion For Order Approving Compromise of Controversy Between Elissa Miller, Chapter 7 Trustee, and the Debtor" ("Compromise Motion") to approve a global settlement among the Plaintiff and Clara, and Defendant Miller ("Settlement").

19. The most relevant terms of the Settlement provided that:

(a) Plaintiff would pay Defendant Miller a total of $90,000.00 for the benefit of the Kong Bankruptcy Estate, as follows: $20,000.00 within 15 days of entry of an order approving

the Settlement; and $70,000.00 in six monthly installment payments, beginning on the 15th day of the month following tender of the initial $20,000.00 payment, of $11,666.66 with the sixth payment being in the amount of $11,666.70;

        (b) Clara would withdraw her Protective Order Motion;

        (c) Plaintiff would withdraw his Motion to Abandon;

        (d) All claims, both known and unknown, against Plaintiff and Clara, were to be settled and released; and

        (e) All claims, both known and unknown, relating to or arising from Plaintiff's bankruptcy case were to be settled and released.

20. As inducement for Plaintiff to provide the $90,000.00 for the Settlement, Defendant Miller represented and confirmed to Plaintiff orally and in writing that the Settlement was also intended to settle and release the Kong Bankruptcy Estate's claim to the Lekos stock to Plaintiff, not just the claim to the GGFB stock.

21. Plaintiff would not have agreed to pay $90,000.00 to Defendant Miller if Defendant Miller had not represented to Plaintiff that the Settlement was intended to include the settlement of any and all claims to the Lekos Stock.

22. On October 1, 2014, the Court issued an order granting the Compromise Motion and approving the Settlement.

23. On December 3, 2014, Plaintiff's counsel e-mailed Defendant Miller to confirm that the Settlement included a release of any claim by the Kong Bankruptcy Estate to the GGFB *and* Lekos Stock.

24. On December 5, 2014, Defendant Miller responded to Plaintiff's counsel's December 3, 2014 email: "Confirmed. EDM."

25. In reliance on the Settlement and the December 5, 2014 e-mail, Plaintiff made all required payments as follows:

| Type | Date | Number | Memo | Amount |
|---|---|---|---|---|
| Check | 10/06/2014 | 12394 | Settlement Payment | $20,000.00 |
| Check | 11/10/2014 | 12747 | Settlement Payment | $11,666.66 |
| Check | 12/15/2014 | 12990 | Settlement Payment | $11,666.66 |
| Check | 01/15/2015 | 13201 | Settlement Payment | $11,666.66 |
| Check | 02/15/2015 | 13517 | Settlement Payment | $11,666.66 |
| Check | 03/15/2015 | 13883 | Settlement Payment | $11,666.66 |
| Check | 04/15/2015 | 14197 | Settlement Payment | $11,666.70 |

26. Despite all representations made during discussions of the Settlement, and Defendant Miller's confirmation that the claims by the Kong Bankruptcy Estate to the Lekos Stock had been released, on August 28, 2015, the Trustee filed a motion to authorize the sale of the Lekos stock ("Sale Motion") to Defendant Lee.

27. The Sale Motion seeks to sell Plaintiff's interest in the Lekos Stock to Defendant Lee for $35,000.00 cash.

28. On September 7, 2015, Plaintiff's counsel caused a letter to be sent to Defendant Miller objecting to her efforts to sell the Lekos Stock and requesting voluntary withdrawal of the Sale Motion.

29. On September 8, 2015, Plaintiff filed an opposition to the Sale Motion.

30. The Sale Motion is currently scheduled for hearing on September 22, 2015.

///

///

## FIRST CAUSE OF ACTION

### [Breach of Contract - Against Defendant Miller]

31. Plaintiff realleges and incorporates by reference each and every allegation of Paragraphs 1-30, inclusive, as though fully set forth verbatim herein.

32. To bring a cause of action for breach of contract, a complaint must allege the following: (1) the existence of a contract, (2) plaintiff's performance or excuse for non-performance, (3) defendant's breach, and (4) damages to plaintiff therefrom. [*Acoustics, Inc. v. Trepte Construction Co.*, 14 Cal.App.3d 887, 913 (1971)].

33. Plaintiff and Defendant Miller entered into a contract - the Settlement - which included a release of the Kong Bankruptcy Estate's interest in the Lekos Stock to Plaintiff in return for a $90,000.00 payment by Plaintiff to Defendant Miller on behalf of the Kong Bankruptcy Estate.

34. Plaintiff has fully performed his obligations under the Settlement, except for those he was excused from performing by reason of Defendant Miller's breach of her obligations under the same.

35. Defendant Miller has breached her obligations under the Settlement by attempting to sell Plaintiff's interest in the Lekos Stock to a third party.

36. As a result of the actions of Defendant Miller, Plaintiff has been damaged in an amount to be proven at trial.

37. As a further result of Defendant Miller's breach of the Settlement, by reason of the above-mentioned default by the Defendant Miller, it has become necessary for Plaintiff to commence

this adversary proceeding to protect his interest, and he has incurred and continues to incur attorneys' fees and costs in an amount to be proven at the time of trial.

### SECOND CAUSE OF ACTION

[Breach of the Covenant of Good Faith and Fair Dealing - Against Defendant Miller]

38. Plaintiff realleges and incorporates by reference each and every allegation of Paragraphs 1-30, inclusive, as though fully set forth verbatim herein.

39. "There is an implied covenant of good faith and fair dealing in every contract that neither party will do anything which will injure the right of the other to receive the benefits of the agreement." [Comunale v. Traders & General Ins. Co., 50 Cal. 2d 654, 658 (1958)].

40. As alleged in greater detail above, Plaintiff and Defendant Miller entered into the Settlement, a valid contract, under which Plaintiff fully performed his obligations, except for those he was excused from performing by reason of the Defendant Miller's breach of her obligations under the same.

41. Defendant Miller has unfairly interfered with Plaintiff's right to receive the benefits of the Settlement by attempting to sell as property of the Kong Bankruptcy Estate property that was released to Plaintiff by virtue of the Settlement.

42. As a result of the actions of Defendant Miller, Plaintiff has been damaged in an amount to be proven at trial.

43. As a further result of Defendant Miller's breach of the covenant of good faith and fair dealing, by reason of the above-

mentioned default by Defendant Miller, it has become necessary for Plaintiff to commence this adversary proceeding to protect his interests, and he has incurred and continues to incur attorneys' fees and costs in an amount to be proven at the time of trial.

### THIRD CAUSE OF ACTION
#### [Equitable Estoppel - Against Defendant Miller]

44. Plaintiff realleges and incorporates by reference each and every allegation of Paragraphs 1-30, inclusive, as though fully set forth verbatim herein.

45. "Generally speaking, the doctrine of equitable estoppel is a rule of fundamental fairness whereby a party is precluded from benefitting from his inconsistent conduct which has induced reliance to the detriment of another. Under well settled California law four elements must be present in order to apply the doctrine of equitable estoppel: (1) the party to be estopped must be apprised of the facts; (2) he must intend that his conduct shall be acted upon or must so act that the party asserting the estoppel had a right to believe it was so intended; (3) the other party must be ignorant of the true state of facts; and (4) he must rely upon the conduct to his injury." [*In re Marriage of Valle*, 53 Cal. App. 3d 837, 840-41 (1975)].

46. Defendant Miller was apprised of the facts. Defendant Miller knew that Plaintiff was seeking a global settlement of any and all claims that the Kong bankruptcy estate had against Clara and he as well as any and all claims of the Kong Bankruptcy Estate relating to and arising from his bankruptcy case, including any claims to the Lekos Stock.

47. Defendant Miller intended that her conduct, including her representations to Plaintiff that the Kong Bankruptcy Estate's interest in the Lekos Stock would be released under the Settlement, would induce Plaintiff to agree to the Settlement and pay $90,000.00 to the Kong Bankruptcy Estate.

48. Plaintiff was ignorant as to the true state of facts that Defendant Miller would later renege on her promise to settle all claims, both known and unknown, relating to or arising from Kong's bankruptcy case, including the Kong Bankruptcy Estate's claim to the Lekos Stock by the Kong Bankruptcy Estate as part of the Settlement.

49. Plaintiff relied on Defendant Miller's conduct to his injury. Plaintiff paid Defendant Miller $90,000.00 under the belief that the payment would include a release of the Kong Bankruptcy Estate's interest in the Lekos Stock.

50. As a result of the actions of Defendant Miller, Plaintiff has been damaged in an amount to be proven at trial.

51. As a further result of the actions of Defendant Miller, it has become necessary for Plaintiff to commence this adversary proceeding to protect his interests, and he has incurred and continues to incur attorneys' fees and costs in an amount to be proven at the time of trial.

### FOURTH CAUSE OF ACTION

[Intentional Interference with Contractual Relations - Against Defendant Lee]

52. Plaintiff realleges and incorporates by reference each and every allegation of Paragraphs 1-30, inclusive, as though fully

set forth verbatim herein.

53. To bring a cause of action for intentional interference with contractual relations, a complaint must allege the following: "(1) a valid contract between plaintiff and a third party; (2) defendant's knowledge of this contract; (3) defendant's intentional acts designed to induce a breach or disruption of the contractual relationship; (4) actual breach or disruption of the contractual relationship; and (5) resulting damage." [Pacific Gas & Electric Co. v. Bear Stearns & Co., 50 Cal.3d 1118, 1126 (1990) (internal citations omitted)]

54. As alleged in greater detail above, Plaintiff and Defendant entered into a valid contract – the Settlement.

55. Defendant Lee was aware of the Settlement and its terms.

56. Despite being aware of the Settlement and its terms, Defendant Lee persuaded Defendant Miller to breach the terms of the Settlement to the benefit of Defendant Lee and the detriment of Plaintiff.

57. As a result of the actions by Defendant Lee, Defendant Miller breached the terms of the Settlement by attempting to sell Plaintiff's rights to the Lekos Stock to Defendant Lee.

58. As a further result of the actions of Defendant Lee, Plaintiff has been damaged in an amount to be proven at trial.

59. Also as a further result of Defendant Lee's intentional interference with contractual relations, it has become necessary for Plaintiff to commence this adversary proceeding to protect his interests, and he has incurred and continues to incur attorneys' fees and costs in an amount to be proven at the time of trial.

## FIFTH CAUSE OF ACTION

**[Injunctive Relief - Against Defendant Miller and Defendant Lee]**

60. Plaintiff realleges and incorporates by reference each and every allegation of Paragraphs 1-30, inclusive, as though fully set forth verbatim herein.

61. Plaintiff is likely to succeed on the merits of this adversary proceeding, given that under the express terms of the Settlement, Defendant Miller agreed to release all claims arising from Plaintiff's bankruptcy case, and Plaintiff received both oral and written confirmation from Defendant Miller that she intended the Settlement to release the Kong Bankruptcy Estate's interest in the Lekos stock back to Plaintiff; therefore, Defendant Miller's attempts to sell the Lekos Stock to Defendant Lee are a clear violation of contract.

62. Unless and until an injunction is granted, Plaintiff will suffer irreparable harm because Defendant Miller will proceed to sell the Lekos Stock to Defendant Lee, who will take action to prejudice Plaintiff's rights vis-a-vis Lekos.

63. No harm will result to Defendant Miller and Defendant Lee if an injunction is issued because the Kong Bankruptcy Estate no longer has any right, title or interest in the Lekos having released the same to Plaintiff for valuable consideration pursuant to the Settlement.

64. The public interest in favor of honoring contracts weighs in favor of the issuance of injunctive relief.

**WHEREFORE,** plaintiff Young W. Kong prays for judgment against defendant Elissa D. Miller and defendant Il Gun Lee as follows:

<u>On The First, Second, Third And Fourth Causes Of Action</u>

1. For actual damages according to proof; and

2. For exemplary and punitive damages according to proof;

<u>On The First And Second Causes Of Action</u>

1. For reasonable attorneys fees as allowed by law;

<u>On The Fifth Cause of Action</u>

1. For an injunction prohibiting Defendants' from proceeding with the sale of the Lekos Stock pursuant to the Sale Motion;

<u>On All Claims For Relief</u>

1. For costs of suit incurred herein; and

2. For such further relief as the Court deems just and proper.

Dated: September 16, 2015          PARK & LIM

                                               - and -

                                      LAW OFFICES OR RAYMOND H. AVER
                                      A Professional Corporation

By: _____
      RAYMOND H. AVER
      Bankruptcy Litigation Counsel for
      YOUNG W. KONG
      Plaintiff

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| RAYMOND H. AVER - SBN 109577<br>LAW OFFICES OF RAYMOND H. AVER<br>A Professional Corporation<br>1950 Sawtelle Boulevard, Suite 120<br>Los Angeles, California 90025<br>Telephone: (310) 571-3511<br>e-mail: ray@averlaw.com<br><br>*Attorney for Plaintiff* YOUNG W. KONG | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION**

| In re:<br><br>YOUNG W. KONG,<br><br><br><br><br>Debtor(s). | CASE NO.: 2:11-bk-48629-BR<br><br>CHAPTER: 7<br><br>ADVERSARY NUMBER: |
|---|---|
| YOUNG W. KONG,<br><br><br><br>Plaintiff(s)<br>Versus<br>IL GUN LEE, an individual; ELISSA D. MILLER, Chapter 7 Trustee,<br><br><br><br>Defendant(s) | **SUMMONS AND NOTICE OF STATUS CONFERENCE IN ADVERSARY PROCEEDING [LBR 7004-1]** |

TO THE DEFENDANT: A Complaint has been filed by the Plaintiff against you. If you wish to defend against the Complaint, you must file with the court a written pleading in response to the Complaint. You must also serve a copy of your written response on the party shown in the upper left-hand corner of this page. The deadline to file and serve a written response is _____. If you do not timely file and serve the response, the court may enter a judgment by default against you for the relief demanded in the Complaint.

A status conference in the adversary proceeding commenced by the Complaint has been set for:

| **Hearing Date:** _____<br>**Time:** _____<br>**Courtroom:** _____ | Place:<br>[X] 255 East Temple Street, Los Angeles, CA 90012<br>[ ] 3420 Twelfth Street, Riverside, CA 92501<br>[ ] 411 West Fourth Street, Santa Ana, CA 92701<br>[ ] 1415 State Street, Santa Barbara, CA 93101<br>[ ] 21041 Burbank Boulevard, Woodland Hills, CA 91367 |
|---|---|

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2012    Page 1    **F 7004-1.SUMMONS.ADV.PROC**

**You must comply with LBR 7016-1, which requires you to file a joint status report and to appear at a status conference.** All parties must read and comply with the rule, even if you are representing yourself. You must cooperate with the other parties in the case and file a joint status report with the court and serve it on the appropriate parties at least 14 days before a status conference. A court-approved joint status report form is available on the court's website (LBR form F 7016-1.STATUS.REPORT) with an attachment for additional parties if necessary (LBR form F 7016-1.STATUS. REPORT.ATTACH). If the other parties do not cooperate in filing a joint status report, you still must file with the court a unilateral status report and the accompanying required declaration instead of a joint status report 7 days before the status conference. **The court may fine you or impose other sanctions if you do not file a status report. The court may also fine you or impose other sanctions if you fail to appear at a status conference.**

                                                      **KATHLEEN J. CAMPBELL**
                                                      **CLERK OF COURT**

Date of Issuance of Summons and Notice of Status Conference in Adversary Proceeding: _____

                                            By: _____
                                                        Deputy Clerk

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

1950 Sawtelle Boulevard, Suite 120, Los Angeles, California 90025

A true and correct copy of the foregoing document entitled: **SUMMONS AND NOTICE OF STATUS CONFERENCE IN ADVERSARY PROCEEDING [LBR 7004-1]** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) _____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served)**: Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

_____   _____         _____
Date                        Printed Name                      Signature

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2012                                    Page 3                        F 7004-1.SUMMONS.ADV.PROC

FORM B104 (08/07)                                                                                              2007 USBC, Central District of California

| **ADVERSARY PROCEEDING COVER SHEET** (Instructions on Page 2) | **ADVERSARY PROCEEDING NUMBER** (Court Use Only) |
|---|---|

| **PLAINTIFFS** YOUNG W. KONG | **DEFENDANTS** IL GUN LEE, an individual; ELISSA D. MILLER, Chapter 7 Trustee, |
|---|---|
| **ATTORNEYS** (Firm Name, Address, and Telephone No.) Law Offices of Raymond H. Aver, APC, 1950 Sawtelle Boulevard, Suite 120 Los Angeles, California 90025 (310) 571-3511 Park & Lim, 3520 Wilshire Boulevard, Suite 1300, Los Angeles California 00010 | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only) ☒ Debtor    ☐ U.S. Trustee/Bankruptcy Admin ☐ Creditor  ☐ Other ☐ Trustee | **PARTY** (Check One Box Only) ☐ Debtor    ☐ U.S. Trustee/Bankruptcy Admin ☐ Creditor  ☒ Other ☒ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
Debtor's Complaint For: (1) Breach Of Contract; (2) Breach Of Covenant Of Good Faith And Fair Dealing; (3) Equitable Estoppel; (4) Intentional Interference With Contractual Relations; And (5) Injunctive Relief

**NATURE OF SUIT**
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
[1] 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
[2] 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ |

Other Relief Sought

FORM B104 (08/07), page 2                                                                                         2007 USBC, Central District of California

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES ||||
|---|---|---|---|
| **NAME OF DEBTOR** <br> YOUNG W. KONG ||| **BANKRUPTCY CASE NO.** <br> 2:11-bk-48629BR |
| **DISTRICT IN WHICH CASE IS PENDING** <br> CENTRAL DISTRICT || **DIVISIONAL OFFICE** <br> LOS ANGELES | **NAME OF JUDGE** <br> BR |
| RELATED ADVERSARY PROCEEDING (IF ANY) ||||
| **PLAINTIFF** | **DEFENDANT** || **ADVERSARY PROCEEDING NO.** |
| **DISTRICT IN WHICH ADVERSARY IS PENDING** || **DIVISIONAL OFFICE** | **NAME OF JUDGE** |
| **SIGNATURE OF ATTORNEY (OR PLAINTIFF)** <br> *[signature]* ||||
| **DATE** <br> 9/16/15 ||| **PRINT NAME OF ATTORNEY (OR PLAINTIFF)** <br> LAW OFFICES OF RAYMOND H. AVER, APC |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendents.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not presented by an attorney, the plaintiff must sign.